UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN M. DONAHUE, | : | |
| | : | CIVIL ACTION NO. 3:13-CV-1326 |
| Plaintiff | : | |
| | : | (JUDGE NEALON) |
| v. | : | (MAGISTRATE JUDGE BLEWITT) |
| | : | |
| LUZERNE COUNTY CORRECTIONAL | : | |
| FACILITY, ET AL., | : | |
| | : | |
| Defendants | : | |

FILED
SCRANTON
JUL 3 0 2013
PER /h
DEPUTY CLERK

## MEMORANDUM

On May 15, 2013, Plaintiff, Sean M. Donahue, who was confined[1] in the Luzerne County Correctional Facility ("LCCF"), Wilkes-Barre, Pennsylvania filed a pro se complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). The complaint names the LCCF, Deputy Warden Larson, Ann Brutski, Captain Pugh, and Prison Counselor Elray as Defendants. (Id.). Plaintiff alleges that he was on the prison Welfare role for several weeks, but was denied the stamps and envelopes he requested to file cases in the Middle District of Pennsylvania and in the Pennsylvania Supreme Court. (Id.). Plaintiff alleges that Defendant Larson stated that he would only provide postage with a court order, despite Magistrate Judge Carlson's opinion in Donahue v. Olexa, No. 13-cv-1071 at (Doc. 3) (M.D. Pa. 2013).[2] (Id.). Plaintiff filed a motion for leave to proceed in forma

---

[1]Plaintiff has since been released on bail. See (Docs. 8-9).

[2]Contrary to Plaintiff's suggestion, Magistrate Judge Carlson did not order that Plaintiff be allowed to proceed in forma pauperis; rather, the Magistrate Judge's Report, which was filed prior to Plaintiff's motion for leave to proceed in forma pauperis, merely recommended that Plaintiff be granted in forma pauperis status. See Donahue v. Olexa, No. 13-cv-1071 at (Doc. 3). The Undersigned did not adopt this portion of the recommendation, and directed Plaintiff to either pay the filing fee or file the appropriate forms. Id. at (Docs. 6-7). Plaintiff's in forma pauperis status was not granted in that case until June 24, 2013, after the instant action was filed. Id. at (Docs. 16-17).

pauperis on May 28, 2013. (Doc. 4).

Pursuant to the screening requirements of the Prison Litigation Reform Act ("PLRA"), Magistrate Judge Thomas M. Blewitt reviewed the complaint. See (Doc. 10) (citing Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996); 28 U.S.C. § 1915[3]). On June 11, 2013, Magistrate Judge Blewitt issued a Report and Recommendation ("R&R") recommending that Defendant LCCF be dismissed with prejudice, along with Plaintiff's claims for monetary damages against Defendants Pugh, Larson, Brutski, and Elray in their official capacities, and all remaining claims be dismissed without prejudice until Plaintiff fully exhausts administrative remedies. (Id.). On June 13, 2013, Plaintiff filed a motion for the appointment of counsel, which includes an "objection to dismissal." (Docs. 11-12). The objection states:

> I, Sean M. Donahue, object to the dismissal of the above captioned docket. Doing so will allow an injustice to go unchecked simply because I do not have an attorney representing me in this matter. I am a layman of the law and am willing to change the relief requested but I want the matter to be heard by a jury.

(Id.). Notably, the motion/objection is dated June 7, 2013, before the R&R was issued. (Id.).[4] No other objections have been filed and, for the reasons set forth below, the R&R will be adopted.

## Standard of Review

When objections to a report and recommendation have been filed under 28 U.S.C. §

---

[3] Title 28 U.S.C. § 1915(e)(2)(B) states: "the court shall dismiss the case at any time if the court determines that-- ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

[4] Between April 22, 2013, and June 11, 2013, Plaintiff filed twenty-three (23) civil rights complaints. He filed an identical motion/objection in nineteen of those cases. See e.g. Donahue v. Luzerne County Correctional Facility, et al., No. 13-cv-1271 at (Doc. 14) (M.D. Pa. 2013).

2

636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. See Henderson v. Keisling, 386 Fed. Appx. 164, 166 (3d Cir. 2010) (explaining that "only those 'specific objections' made by [the plaintiff] must be separately considered by the District Court"), citing Goney v. Clark, 749 F.2d 5, 67 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"). The written objections must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local Rule 72.3. In the absence of specific objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. See Sanders v. Downs, 2013 U.S. Dist. LEXIS 89743, *8-9 (M.D. Pa. 2013) (Caputo, J.) (explaining that the court reviews those portions of the R&R to which specific objections are made de novo, while the "remainder of the R&R is reviewed for clear error"); Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

**Discussion**

In the instant action, Plaintiff's "objection to dismissal" contains no specific objection to any portion of the R&R. Accordingly, the R&R is reviewed for clear error.

The R&R thoroughly outlines the required elements of a section 1983 action and states that each named defendant must be shown to be personally involved in the alleged constitutional

3

deprivations. (Doc. 10, pp. 5-6, 12-13). Initially, Magistrate Judge Blewitt determines that the LCCF is not a proper defendant in a section 1983 action because it is not a "person" subject to suit under federal civil rights laws. (Id. at pp. 7-8), citing Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). The Magistrate Judge concludes that it would be futile to afford Plaintiff an opportunity to file an amended complaint against Defendant LCCF. (Id.), citing Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Next, Magistrate Judge Blewitt construes the complaint as raising a First Amendment denial of access to courts claim. (Doc. 10, p. 10). The Magistrate Judge discusses the required elements of such a claim and finds that Plaintiff has failed to allege sufficient facts. (Id. at pp. 10-11), quoting O'Connell v. Sobina, 2008 U.S. Dist. LEXIS 2467 (W.D. Pa. 2008) (citing Christopher v. Harbury, 536 U.S. 403 (2002)). Additionally, the R&R explains that Defendants' alleged refusal to provide unlimited stamps and envelopes is not a constitutional violation in light of the fact that Plaintiff was able to file his complaints in federal court. (Id. at pp. 11-12), citing Agarwal v. Schuylkill County Tax Claim Bureau, 442 Fed. Appx. 733, 737 (3d Cir. 2011) (holding that to prevail on an access to courts claim, "a plaintiff must show that the denial of access caused actual injury; for instance, that he lost a 'nonfrivolous' and 'arguable' claim"). Magistrate Judge Blewitt reasons that Plaintiff's twenty-three (23) cases filed in this Court belies any claim that he has been denied access. (Id.). Furthermore, Magistrate Judge Blewitt finds that the complaint does not mention Defendants Brutski or Pugh and therefore fails to establish their personal involvement. (Id.). As to Defendants Larson and Elray, the R&R states that although the complaint alleges the personal involvement of these Defendants, Plaintiff fails to allege any actual injury. (Doc. 10, pp. 13-14) (noting again the twenty-three (23) cases Plaintiff filed in this Court). The Magistrate Judge

recommends that the individual Defendants be dismissed without prejudice[5] and that Plaintiff be allowed to amend his complaint with respect to the denial of access to courts claim after he fully exhausts administrative remedies. (Id.).

Having reviewed the R&R for clear error, it will be adopted. Defendant LCCF will be dismissed with prejudice, as will the monetary claims against the individual Defendants. Defendants Pugh, Larson, Brutski, and Elray will be dismissed without prejudice for Plaintiff's failure to state a claim. This Court cannot determine from the face of the complaint whether Plaintiff fully exhausted his denial of access to courts claim prior to initiating this action; therefore, sua sponte dismissal based on failure to exhaust[6] is not appropriate and Plaintiff will be directed to file an amended complaint as to this claim. See McPherson v. United States, 392 Fed. Appx. 938, 942 (3d Cir. 2010). Plaintiff is advised that the "amended complaint must be complete in all respects." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (Conaboy, J.). It must be a new pleading which stands by itself without reference to the original complaint. Id. The amended complaint "may not contain conclusory allegations[; r]ather, it must establish the existence of specific actions by the defendants which have resulted in

---

[5]The R&R also recommends that Plaintiff's claim for monetary damages against Defendants Pugh, Larson, Brutski, and Elray in their official capacities be dismissed with prejudice. (Doc. 10, p. 3 n.3) (citing Will, 491 U.S. at 71).

[6]This Court recognizes that Plaintiff is no longer incarcerated; however, it was Plaintiff's status at the time he filed the instant complaint that determines whether the PLRA's exhaustion requirements apply. See Pamplin v. Coulter, 2012 U.S. Dist. LEXIS 76381, *11-13 (W.D. Pa. 2012) (concluding that a "plaintiff is a 'prisoner' under the PLRA if he was a prisoner confined in a correctional facility on the date the complaint was filed"), citing Ahmed, 297 F.3d at 210; Rye v. Erie County Prison, 689 F. Supp. 2d 770, 772 n.2 (W.D. Pa. 2009) ("It is the plaintiff's status at the time he files suit that determines whether § 1997e(a)'s [the PLRA's] exhaustion provision applies.") (internal citations omitted).

constitutional deprivations." Id. (citing Rizzo v. Goode, 423 U.S. 362 (1976)). "The amended complaint must also be 'simple, concise, and direct' as required by the Federal Rules of Civil Procedure." Id. (citing FED. R. CIV. P. 8(e)(1)).

**Motion to Appoint Counsel**

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), the court has discretion to request "an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); see also Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). The United States Court of Appeals for the Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case has some arguable merit in fact and law. Montgomery, 294 F.3d at 499. If a plaintiff overcomes this threshold hurdle, other factors to be examined are:

(1) the plaintiff's ability to present his or her own case;
(2) the difficulty of the particular legal issues;
(3) the degree to which factual investigation will be necessary and the ability of the claimant to pursue investigation;
(4) the plaintiff's capacity to retain counsel on his or her own behalf;
(5) the extent to which the case is likely to turn on credibility determinations; and
(6) whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57). Since Montgomery, the Third Circuit Court of Appeals added two (2) other factors to be taken into consideration: (1) the court's willingness to aid the indigent party in presenting his or her case; and (2) the available supply of lawyers willing to accept § 1915(e) requests within the relevant geographic area. Gordon v. Gonzalez, 232 Fed. Appx. 153, 156 n.4 (3d Cir. 2007).

Here, while the case may have arguable merit, other factors do not support the appointment of counsel. Plaintiff demonstrates the ability to present comprehensible arguments. The legal issues are relatively simple and will not require expert testimony. Further, investigation of the facts does not seem beyond Plaintiff's capabilities. Finally, it is noted that this Court does not have a large group of lawyers at its disposal to appoint as counsel in actions such as this, nor confident that an attorney could be found who would represent this action in a pro bono capacity.

Based on the foregoing, it does not appear that Plaintiff will suffer prejudice if forced to litigate this case on his own. This Court's duty to construe pro se pleadings liberally, Haines v. Kerner, 404 U.S. 519 (1972), coupled with Plaintiff's apparent ability to litigate this action, militate against the appointment of counsel. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either sua sponte or upon motion of Plaintiff.

**Conclusion**

For the reasons set forth herein, the R&R will be adopted. Defendant LCCF will be dismissed with prejudice, as will the monetary claims against the individual Defendants. Defendants Pugh, Larson, Brutski, and Elray will be dismissed without prejudice for Plaintiff's

failure to state a claim and Plaintiff will be directed to file an amended complaint regarding his denial of access to courts claim. Also, Plaintiff's motion for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> will be granted. This case will be remanded to Magistrate Judge Blewitt for further proceedings.

A separate Order will be issued.

Date: July 30, 2013

_____
**United States District Judge**